ADRIENNE D. COHEN (SBN 145163)
(adc@adcohen.com)
SEAN R. FERRON (SBN 227856)
(srf@adcohen.com)
Law Offices of Adrienne D. Cohen
2677 N. Main Street, Suite 820
Santa Ana, California  92705
Tel: (714) 954-0790
Fax: (714) 954-0791

Attorneys for Defendants
       Access Limousines & Coaches, Inc.; and
       Maurice Maalouly

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aryan Enterprises, Inc., et al. | CV 10-3279 PA (JCx) |
| Plaintiffs, | **ALCI'S F.R.CIV.P. RULE 11 MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS' COUNSEL** |
| v. | |
| Access Limousines & Coaches, Inc.; et. al., | March 28, 2011 |
| Defendants. | 1:30 p.m. |
| | Honorable Percy Anderson |

    In accordance with F.R.Civ.P. Rule 11, Defendant / Counterclaimant Access Limousines & Coaches, Inc. ("ALCI") hereby moves this Court for sanctions against Plaintiffs / Counterclaim Defendants Aryan Enterprises, Inc. and James Bond (hereafter collectively "Plaintiffs"), and against Plaintiffs' counsel THE DAUGHETEE LAW FIRM and Renee Daughetee (hereafter collectively "Plaintiffs' counsel").

    Introduction

    F.R.Civ.P. Rule 11 states in relevant part that by filing a pleading, the attorney certifies to the best of her knowledge, information, and belief, formed after an inquiry reasonable under

1   the circumstances, that "(2) the ... defenses ... are warranted

2   by existing law or by a nonfrivolous argument for extending,

3   modifying, or reversing existing law or for establishing new law"

4   and that "(4) the denials of factual contentions are warranted on

5   the evidence or, if specifically so identified, are reasonably

6   based on belief or a lack of information."

7       In the present case, Plaintiffs filed a Reply to ALCI's

8   Counterclaim.[1]  In the Reply, Plaintiffs denied factual

9   allegations pleaded by Plaintiffs themselves in Plaintiffs'

10   Complaint, and also pleaded affirmative defenses that are not

11   warranted by existing law or by a non-frivolous argument for

12   extending, modifying, or reversing existing law or for

13   establishing new law.

14       Accordingly, as more fully set forth below, ALCI requests

15   sanctions requiring Plaintiffs to: 1) pay ALCI's attorney's fees

16   associated with the present motion; and 2) file an amended Reply

17   admitting the aforementioned factual allegations and removing the

18   aforementioned affirmative defenses.

19       <u>Plaintiff's Denial of Factual Allegations</u>

20       ALCI alleges in paragraphs 139-140 of its counterclaim that

21   Plaintiffs reside in this District.  *Declaration of Sean R.*

22   *Ferron In Support of ALCI'S Motion Pursuant to F.R.CIV.P. Rule 11*

23   *for Sanctions Against Plaintiffs and Plaintiffs' Counsel* (filed

24

25

_____

26   [1] Plaintiffs' Reply, D.E. 26, was captioned "PLAINTIFFS' VERIFIED
RESPONSE TO DEFENDANTS COUNTER-CLAIM."

27

28                         2

herewith, hereafter "*Decl. SRFerron*"), ¶ 1, Exh. 1.
Specifically, the counterclaim alleges:

"139. Plaintiff, Aryan Enterprises, Inc., dba Access Limousine, is a California corporation residing in this district.

140. Plaintiff, James Bond, is an individual residing in this district."

*Decl. SRFerron*, ¶ 1, Exh. 1.  In Plaintiffs' Reply, Plaintiffs deny these factual allegations.  *Decl. SRFerron*, ¶ 2, Exh. 2.  Yet Plaintiffs pleaded these very same allegations in paragraphs 5-6 of Plaintiffs' Complaint.  *Decl. SRFerron*, ¶ 3, Exh. 3.  Plaintiffs' denial of these allegations thus are not warranted on the evidence.  Nor have Plaintiffs specifically identified such denials as being reasonably based on belief or a lack of information.  As such, the denials violate Rule 11.

### Plaintiff's Assertion of Affirmative Defenses

ALCI has pled only a single counterclaim, namely a counterclaim for Reassignment Or Cancellation of U.S. Trademark Registration No. 3,725,114 Pursuant to 15 U.S.C. § 1119.  *Decl. SRFerron*, ¶ 1, Exh. 1.  The counterclaim is based on ALCI's assertion that ALCI is the true owner of the trademark registration being asserted by Plaintiffs.

Plaintiffs have pled numerous affirmative defenses to ALCI's counterclaim.  *Decl. SRFerron*, ¶ 2, Exh. 2.  Most, if not all, of the defenses are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, including at least

1  affirmative defenses 2, 9, 11-17, 19-20, and 22.[2]  Plaintiffs'
2  aforementioned affirmative defenses thus violate Rule 11 for at
3  least the reasons set forth below.

4      Defense 2: Statute of Limitations

5      The minimum statute of limitations to cancel a federal
6  trademark registration is five years after the date of
7  registration.  15 U.S.C. § 1064(1).  The registration at issue
8  (Reg. No. 3,725,114) was registered December 15, 2009, as alleged
9  by Plaintiffs in paragraph 14 of Plaintiffs' Complaint.  *Decl*.
10 *SRFerron*, ¶ 3, Exh. 3.  Asserting this defense therefore violates
11 Rule 11.

12     Defenses 9, 11-16, 20, and 22:

13     Defenses 9, 11-16, 20, and 22 appear to be boilerplate
14 defenses to claims for breach of contract or personal injury.
15 They are not applicable to the counterclaim at issue, which is to
16 cancel or reassign a U.S. trademark registration pursuant to 35
17 U.S.C. § 1119.  The defenses are identified below, with a brief
18 statement as to why their assertion violates Rule 11.

19     9. (Lack of Consideration) - There is no requirement for any
20 consideration by a party to obtain ownership through 35 U.S.C. §
21 1119 of a trademark registration.

22     11. (Failure to Complete Required Conditions) - There is no
23 requirement for any conditions to be completed by a party to

24

25 ─────────────────────────────
[2] By not including other affirmative defenses in this list, ALCI
26 does not admit or imply that Plaintiffs have any facts to support
   them.
27

28                                    4

obtain ownership through 35 U.S.C. § 1119 of a trademark registration.

12. (Liability Contractually Assumed By Others) - No other party can contractually assume liability for Plaintiffs as to Plaintiffs transferring ownership of a trademark registration.

13. (Setoff) - There are no damages alleged by ALCI.  There can be no setoff.  ALCI is seeking to obtain ownership of a U.S. trademark registration.

14. (Discharge of Obligation) - There are no contractual obligations being asserted against Plaintiffs.

15. (Discharge of Liability) - The are no contractual obligations being asserted against Plaintiffs, and no monetary damages being sought against Plaintiffs.

16. (Modification of Contract) - There is no contract at issue in the present action.

20. (Other Party's Fault) - There is no basis for this defense, since the counterclaim seeks reassignment or cancellation of a U.S. trademark registration registered in the name of one of the Plaintiffs, as pleaded by Plaintiffs in paragraph 14 of Plaintiffs' Complaint.  *Decl. SRFerron*, ¶ 3, Exh. 3.

22. (Statute of Frauds) - The Statute of Frauds (Cal. Civ. Code § 1624) applies to contracts, not to 35 U.S.C. § 1119.

Defense 17: Defense Costs

In this defense, Plaintiffs allege the counterclaim "was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the

law..." *Decl. SRFerron*, ¶ 2, Exh. 2. However, the controversy is well-pled on its face in the counterclaim, namely that the true owner of the U.S. trademark registration at issue is owned by ALCI, not by Plaintiff Aryan Enterprises, Inc. *Decl. SRFerron*, ¶ 1. Exh. 1.

### Defense 19: Failure to Name Indispensible Parties

In this defense, Plaintiffs allege the counterclaim fails to name "all necessary, indispensible, and proper parties." yet the counterclaim names the current record owner of the trademark registration at issue, and is brought by the alleged true owner of the trademark registration at issue. There cannot be any other indispensible parties.

### Sanctions Being Sought

ALCI initially contacted Plaintiffs' counsel by email, informally requesting the offending pleading be corrected. *Decl. SRFerron*, ¶ 4, Exh. 4. Plaintiffs' counsel did not reply to the email. *Decl. SRFerron*, ¶ 4. ALCI thus prepared and served the present motion on Plaintiffs on January 5, 2011, to formally satisfy the Rule 11 safe harbor requirement. *Decl. SRFerron*, ¶ 5. ALCI is now seeking sanctions as set forth in the proposed Order submitted herewith, which in summary are stated below. Moreover, Plaintiffs have not responded to any discovery in this matter and Defendants have a Motion to Compel pending (D.E. 29) that is scheduled to be heard on February 1, 2011.

1) Plaintiffs and Plaintiffs' counsel should pay ALCI's attorney's fees associated with the present motion, subject to proof upon declaration by ALCI's counsel, and subject to

Plaintiffs and Plaintiffs' counsel having an opportunity to reply (to date the fees are $1,370.50(*Decl. SRFerron*, ¶ 6)).  Plaintiff should be held liable, because the Reply was purportedly a "verified" reply.  *Decl. SRFerron*, ¶ 2, Exh. 2.

2) Plaintiffs should be required to file an amended Reply admitting the aforementioned factual allegations (paragraphs 139-140) and removing the aforementioned affirmative defenses (2, 9, 11-17, 19-20 and 22).

These sanctions are appropriate, and there are no exceptional circumstances to prevent THE DAUGHETEE LAW FIRM from being jointly responsible.  Further, these sanctions are limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.

Respectfully submitted,

February 22, 2011
Date

/s/ Sean R. Ferron
L/O Adrienne D. Cohen
Sean R. Ferron
Attorneys for Defendants
ALCI and Maalouly

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I served the foregoing document described as **ALCI'S F.R.CIV.P. RULE 11 MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS' COUNSEL** to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

☒   By the Court's ECF system.

☐   By mail service to their attorney(s) of record, at the address(es) set forth below.

☐   By e-mail service to their attorney(s) of record, at the following email address(es) set forth below.

☐   By fax service to their attorney(s) of record, at the fax number(s) set forth below.

**Counsel for Aryan Enterprises; James Bond**
Renee Daughetee (rdaughetee@hotmail.com)     Tel: (949) 608-0832
THE DAUGHETEE LAW FIRM                       Fax: (949) 681-8065
18881 Von Karman Ave., 16th Floor
Irvine, CA 92612

Executed February 22, 2011, Santa Ana, California.


/s/   Sean R. Ferron
Sean R. Ferron