1

2  ADRIENNE D. COHEN (SBN 145163)
   (adc@adcohen.com)
3  SEAN R. FERRON (SBN 227856)
   (srf@adcohen.com)
4  Law Offices of Adrienne D. Cohen
   2677 N. Main Street, Suite 820
5  Santa Ana, California  92705
   Tel: (714) 954-0790
6  Fax: (714) 954-0791

7  Attorneys for Defendants
        Access Limousines & Coaches, Inc.; and
8       Maurice Maalouly

9               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
10

11  Aryan Enterprises, Inc.,      )    CV 10-3279 PA (JCx)
    et al.                        )
12                                )    **DECLARATION OF SEAN R. FERRON IN**
              Plaintiffs,         )    **SUPPORT OF ALCI'S MOTION PURSUANT**
13                                )    **TO F.R.CIV.P. RULE 11 FOR**
              v.                  )    **SANCTIONS AGAINST PLAINTIFFS AND**
14  Access Limousines &           )    **PLAINTIFFS' COUNSEL**
    Coaches, Inc.; et. al.,       )
15                                )
              Defendants.         )    March 28, 2011
16                                )    1:30 p.m.
                                  )
17  _____      )    Honorable Percy Anderson

18      I, Sean R. Ferron, am counsel for Access Limousine &

19  Coaches, Inc. ("ALCI") in the above-captioned action, and

20  declare I have personal knowledge of the following facts:

21      1.   Attached hereto as Exhibit 1 is a true and correct

22  copy of pages 14-15 of "DEFENDANTS' ANSWER; COUNTERCLAIM

23  PURSUANT TO 15 U.S.C. § 1119 FOR REASSIGNMENT OR CANCELLATION OF

24  U.S. TRADEMARK REGISTRATION NO. 3,725,114" [DE 14] filed in

25  this action, showing ALCI's only counterclaim.

26

27

28

2.    Attached hereto as Exhibit 2 is a true and correct copy of "PLAINTIFFS' VERIFIED RESPONSE TO DEFENDANTS COUNTER-CLAIM" [DE 26].

3.    Attached hereto as Exhibit 3 is a true and correct copy of pages 2-4 of Plaintiffs' Verified Complaint filed in this action.

4.    Attached hereto as Exhibit 4 is a true and correct copy of an email sent December 18, 2010 from my co-counsel, Neal M. Cohen, to Plaintiffs' counsel, cc'd to me.  As of January 5, 2011, Plaintiffs' counsel did not reply to the email to me.  My co-counsel, Mr. Cohen, informed me that as of January 5, 2011, Plaintiffs' counsel did not reply to the email to him.

5.    ALCI prepared and served the present Rule 11 motion on Plaintiffs on January 5, 2011.

6.    My billing rate for this matter is $175.00 per hour. My co-counsel, Mr. Cohen's, billing rate for this matter is $295.00 per hour.  He specializes in intellectual property law.  To date I have billed 2.1 hours directly related to the underlying Rule 11 motion, and Mr. Cohen has billed 3.4 hours directly related to the underlying Rule 11 motion.

///

///

-2-

1

2          I declare under penalty of perjury that the foregoing is

3   true and correct.

4

5   February 22, 2011          /s/ Sean R. Ferron

6   DATED                      Sean R. Ferron

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2 **CERTIFICATE OF SERVICE**

3
    I hereby certify that on the date set forth below, I
4 served the foregoing document described as **DECLARATION OF SEAN
    R. FERRON IN SUPPORT OF ALCI'S MOTION PURSUANT TO F.R.CIV.P.**
5 **RULE 11 FOR SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS'
    COUNSEL** to all parties to this action as set forth below, on
6 the date set forth below, in the manner(s) checked below.

7      ☒      By the Court's ECF system.

8      ☐      By mail service to their attorney(s) of record, at the
9             address(es) set forth below.

10     ☐      By e-mail service to their attorney(s) of record, at
11            the following email address(es) set forth below.

       ☐      By fax service to their attorney(s) of record, at the
12            fax number(s) set forth below.

13 **Counsel for Aryan Enterprises; James Bond**
14 Renee Daughetee (rdaughetee@hotmail.com)    Tel: (949) 608-0832
   THE DAUGHETEE LAW FIRM                      Fax: (949) 681-8065
15 18881 Von Karman Ave., 16th Floor
   Irvine, CA 92612
16
17 Executed February 22, 2011, Santa Ana, California.

18
                         /s/ Sean R. Ferron
19                       Sean R. Ferron

20

21

22

23

24

25

26

27

28

of these counterclaims is hereby incorporated by reference into each and every Count:

Jurisdiction and venue

138. This counterclaims arise under the United States trademark laws, Title 15 of the United States Code.  This Court has jurisdiction over ALCI's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

139. Plaintiff, Aryan Enterprises, Inc., dba Access Limousine, is a California corporation residing in this district.

140. Plaintiff, James Bond, is an individual residing in this district.

141. Defendants reside in this district.

**Count 1**

**Reassignment Or Cancellation of U.S. Trademark Registration No. 3,725,114 Pursuant to 15 U.S.C. § 119**

142. U.S. Trademark Registration No. 3,725,114 is invalid.

143. U.S. Trademark Registration No. 3,725,114 was procured by fraud on the Patent and Trademark Office.

144. The mark ACCESS LIMOUSINE does not have secondary meaning.

- 14 -

145. None of Plaintiffs are the true owners of the mark ACCESS LIMOUSINE.

146. Plaintiffs have abandoned use of the mark ACCESS LIMOUSINE.

147. Plaintiffs should not be able to enforce any rights in the mark ACCESS LIMOUSINE due to waiver, estoppel, laches, unclean hands, and/or acquiescence.

148. ALCI has refrained from use of the mark ACCESS LIMOUSINE as a precautionary measure, due at least in part to U.S. Trademark Registration No. 3,725,114 for the mark.

149. ALCI is the true owner of the mark ACCESS LIMOUSINE.

\*\*\*\*\*\*\*\*\*

WHEREFORE, Defendants, respectfully request judgment as follows:

A.   Plaintiffs be awarded nothing on their Complaint.

B.   Judgment be entered in favor of Defendants on Plaintiffs' Complaint.

C.   Pursuant to 15 U.S.C. § 1119, the Court determine none of Plaintiffs have any rights to U.S. Trademark Registration No. 3,725,114, ALCI is the true owner of the registration and of the mark ACCESS LIMOUSINE, and the Court certify an Order directing the Director of the Patent and Trademark Office to correct the Office's records to reflect ALCI as the true owner of the registration, or alternatively to cancel the registration.

- 15 -

Case 2:10-cv-03279-PA -JC   Document 26   Filed 12/18/10   Page 1 of 9   Page ID #:189

1 | **RENEE M DAUGHETEE, ESQ. SBN.:257018**
   | 18881 Von Karman Avenue, 16th Floor
2 | Irvine, California 92612
   | Telephone,      (949) 608-0832
3 | Facsimile,      (949) 681-8065

4 | Attorney for
   | PLAINTIFFS, ARYAN ENTERPRISES, INC.
5 | d/b/a ACCESS LIMOUSINE and BOBBY BOND

6

7 | ### UNITED STATES DISTRICT COURT

8 | ### CENTRAL DISTRICT OF CALIFORNIA

9

10 | **ARYAN ENTERPRISES, INC., a** ) **Case No.: CV 10-03279 PA (JCx)**
    | **California corporation, d/b/a ACCESS** )
11 | **LIMOUSINE, and JAMES BOND a/k/a** ) **Honorable Percy Anderson**
    | **BOBBY BOND, an individual,** )
12 |                                      )
    |                                      ) **PLAINTIFFS' VERIFIED RESPONSE TO**
13 |              **Plaintiffs,** ) **DEFENDANTS COUNTER-CLAIM**
    |                                      )
14 | **vs.** )
    |                                      )
15 | **ACCESS LIMOUSINES & COUCHES,** )
    | **INC., a California corporation; and** )
16 | **MAURICE MAALOULY, an individual,** )
    |                                      )
17 |              **Defendants.** )
    |                                      )
18 | **ACCESS LIMOUSINES & COUCHES,** )
    | **INC., a California corporation; and** )
19 | **MAURICE MAALOULY, an individual,** )
    |                                      )
20 |                                      )
    |                                      )
21 |              **Counterclaimant,** )
    |                                      )
22 | **vs.** )
    |                                      )
23 | **ARYAN ENTERPRISES, INC., a** )
    | **California corporation, d/b/a ACCESS** )
24 | **LIMOUSINE, and JAMES BOND a/k/a** )
    | **BOBBY BOND, an individual,** )
25 |                                      )
    |                                      )
26 |         **Counterclaim Defendants** )
    |                                      )
27 |                                      )
    |                                      )
28 |                                      )
    |                                      )

COME NOW **COUNTER CLAIM DEFENDNATS ARYAN ENTERPRISES, INC.'s, and JAMES BOND a/k/a BOBBY BOND,** answering Defendants' Cross-complaint on file herein, admit, deny, and allege as follows:

1. Answering the allegations of Paragraph 138 of the Counterclaim Defendants ADMIT

2. Answering the allegations of Paragraph 139 of the Counterclaim Defendants DENY.

3. Answering the allegations of Paragraph 140 of the Counterclaim Defendants DENY.

4. Answering the allegations of Paragraph 141 of the Counterclaim Defendants DENY.

5. Answering the allegations of Paragraph 142 of the Counterclaim Defendants DENY.

6. Answering the allegations of Paragraph 143 of the Counterclaim Defendants DENY.

7. Answering the allegations of Paragraph 144 of the Counterclaim Defendants DENY.

8. Answering the allegations of Paragraph 145 of the Counterclaim Defendants DENY.

9. Answering the allegations of Paragraph 146 of the Counterclaim Defendants DENY.

10. Answering the allegations of Paragraph 147 of the Counterclaim Defendants DENY

11. Answering the allegations of Paragraph 148 of the Counterclaim Defendants DENY.

12. Answering the allegations of Paragraph 149 of the Counterclaim Defendants DENY.

The answering Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Complaint is Uncertain and Insufficient to State Cause of Action)

1. As a first, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint is so vague, ambiguous and uncertain as to fail to allege facts sufficient to state a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

REQUEST FOR ADMISSIONS

-2-

Exh 2

Page 8

2.   As a second, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure §§ 338, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

3.   As a third, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant alleges that the Complaint is barred by the doctrine of laches in that Complainant's unreasonable delay in bringing this action to the prejudice of this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Real Party in Interest)

4.   As a fourth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant alleges that Complainant is not the real party in interest.   As such, Complainant lacks standing to bring this action against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

5.   As a fifth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that Complainant has failed to exercise reasonable care and diligence to avoid losses that could have been prevented by reasonable efforts on their part, or by expenditures that might have reasonably been made; and therefore, Complainant's recovery, if any, should be reduced by Complainant's failure to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

6.  As an sixth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant alleges that the Complaint and each cause of action therein is barred by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

(Doctrine of Estoppel)

7.  As a seventh, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint and each purported cause of action therein is barred by reason of acts, omissions, representations, and courses of conduct by Complainant, upon which Defendant was reasonably led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by Complainant .

EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

8.  As a eighth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint and each cause of action therein, is barred by the doctrine of waiver.

NINTH AFFIRMATIVE DEFENSE

(Failure/Lack of Consideration)

9.  As a ninth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant alleges that the Complaint and each cause of action therein is barred by material failures and/or lack of consideration.

TENTH AFFIRMATIVE DEFENSE

(Complainant's Failure to Notify)

10.  As a tenth, separate and distinct affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint herein, and each and every purported cause of action contained therein, is

REQUEST FOR ADMISSIONS

-4-

1  barred by reason of Complainant's failure to timely notify Defendant of any and all of the facts

2  and/or circumstances giving rise to each purported cause of action in the Complaint..

3                          ELEVENTH AFFIRMATIVE DEFENSE

4                          (Failure to Complete required Conditions)

5  11.   As a eleventh, separate and distinct affirmative defense to the Complaint and each purported

6  cause of action therein, this answering Defendant is informed and believes, and thereon alleges,

7  that the Complaint is barred by due to the failure of the Complainant to complete the conditions

8  necessary for the Defendants to perform.

9                          TWELFTH AFFIRMATIVE DEFENSE

10                         (Liability Contractually Assumed by Others)

11

12  12.   As a twelfth, separate and distinct affirmative defense to the Complaint and each purported

13  cause of action therein, this answering Defendant is not responsible for any of the damages

14  alleged in the Complaint, as any liability that may have existed on the part of this answering

15  Defendant has been contractually assumed by other persons and/or entities, including

16  Complainant.

17                         THIRTEENTH AFFIRMATIVE DEFENSE

18                         (Set Off)

19  13.   As a thirteenth, separate and distinct affirmative defense to the Complaint and each

20  purported cause of action therein, this answering Defendant is informed and believes, and

21  thereon alleges, that it is entitled to set-offs as a result of any recovery, from any source,

22  including Complainant, for the damages and costs alleged.

23                         FOURTEENTH AFFIRMATIVE DEFENSE

24                         (Discharge of Obligation)

25  14.   As a fourteenth, separate and distinct affirmative defense to the Complaint and each

26  purported cause of action therein, this answering Defendant alleges that any action against it is

27  barred based on a release and discharge of any obligations owed by Defendant.

28                         FIFTEENTH AFFIRMATIVE DEFENSE

(Discharge of Liability)

15.  As a fifteenth, separate and distinct affirmative defense to the Complaint and each purported

cause of action therein, this answering Defendant is informed and believes, and thereon alleges,

that the acts, omissions, representations, and courses of conduct by Complainant, including other

persons and entities acting or purporting to act on behalf of Complainant, discharges this

answering Defendant from any liability.

SIXTEENTH AFFIRMATIVE DEFENSE

(Modification)

16.  As a sixteenth, separate and distinct affirmative defense to the Complaint and each

purported cause of action therein, this answering Defendant is informed and believes and thereon

alleges that the contract in question, if any, was modified by parties, and that Complainant is

barred from recovery on the unmodified original contract, if any, by reason of said modification.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Defense Costs)

17.  As a seventeenth, separate and distinct affirmative defense to the Complaint and each

purported cause of action therein, this answering Defendant alleges that the Complaint filed by

Complainant against this answering Defendant was brought without reasonable care and without

a good faith belief that there was a justifiable controversy under the facts and the law which

warranted the filing of the Complaint against this answering Defendant, and that Complainant

should therefore be responsible for all of Defendant's necessary and reasonable defense costs,

including attorney's fees, as more particularly set fourth in California Code of Civil Procedure,

Section 1038.

EIGHTTEENTH AFFIRMATIVE DEFENSE

(Express/Implied Consent)

18.  As a eighteenth, separate and distinct affirmative defense to the Complaint and each

purported cause of action therein, this answering Defendant is informed and believes, and

thereon alleges, that the Complaint and each purported cause of action therein is barred by due to

1  Complainant's express and implied consent of Defendant's conduct as described in the

2  Complaint.

3                          NINETEENTH AFFIRMATIVE DEFENSE

4                                    (Indispensable Party)

5  19.  As a nineteenth, separate and distinct affirmative defense to the Complaint and each

6  purported cause of action therein, Defendants is informed and believes, and thereon alleges that

7  the Complaint and each cause of action therein is barred as a result of Complainant's failure to

8  name all necessary, indispensable, and proper parties.

9                           TWENTIETH AFFIRMATIVE DEFENSE

10                                   (Other Parties Fault)

11

12  20.  As a twentieth, separate and distinct affirmative defense to the Complaint and each

13  purported cause of action therein, Defendant is informed and believes, and thereon alleges that

14  any alleged damages and/or losses suffered by Complainant were caused by the wrongful

15  conduct, act or omissions of third parties which are not attributable to Defendants.

16                        TWENTY-FIRST AFFIRMATIVE DEFENSE

17                                   (Reservation of Right)

18  21.  As a twenty-first, separate and distinct affirmative defense to the Complaint and each

19  purported cause of action therein, Defendant reserves the right to assert such other defenses as

20  may become available during discovery in this action, and thus, reserves the right to amend its

21  Answer accordingly.

22                       TWENTY-SECOND AFFIRMATIVE DEFENSE

23                                    (Statute of Frauds)

24  22.  As a twenty-second, separate and distinct affirmative defense to the Complaint and each

25  purported cause of action therein, Defendant is informed and believes, and thereon alleges that

26  the Complaint and each cause of action therein is barred due to the Statute of Frauds.

27         WHEREFORE, the answering Defendant prays for judgment against Complainant on his

28  Complaint as follows:


                                   REQUEST FOR ADMISSIONS

1             1.    That Complainant take nothing from the answering Defendant by way of

2    his Complaint on file herein;

3            2.    That Judgment be entered in favor of the answering Defendants;

4               a.   That the answering Defendants be awarded his costs of suit incurred

5    herein; and

6            3.    For such other and further relief as the Court deems proper.

7

8

9    Dated: December 13, 2010

**THE DAUGHETEE LAW FIRM**

10

11

12

13

14                    /S/ RENEE M. DAUGHETEE
RENEE M. DAUGHETEE,

15                 ARYAN ENTERPRISES, INC., a California
corporation, d/b/a ACCESS LIMOUSINE, and
JAMES BOND a/k/a BOBBY BOND, an

16                 individual

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                                   VERIFICATION

4

5

6

7    I, JAMES BOND, am the Cross-Claimant Defendant in the above-entitled action. I have read the

8    Foregoing documents and I know the contents thereof. The same is true of my own knowledge,

9    except as to those matters which are therein alleged on information and belief, and as to those

10   matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and

11   correct and that this declaration was executed at Irvine, California.

12

13

14   DATED:              December 13, 2010

15

16

17                                          _____/s/ James Bond_____

18                                          JAMES BOND as individual and as
                                            President of ARYAN ENTERPRISES,
19                                          INC., a California corporation, d/b/a
                                            ACCESS LIMOUSINE.
20

21

22

23

24

25

26

27

28

1  Defendant ACCESS LIMOUSINES & COACHES, a California corporation; MAURICE

2  MAALOULY, an individual; and DOES 1-50, inclusive, and alleges as follows:

3                              PRELIMINARY STATEMENT

4  1.      Plaintiffs ARYAN ENTERPRISES, INC., a California corporation, d/b/a ACCESS

5  LIMOUSINE, and JAMES BOND hereinafter referred to as his aka ("BOBBY BOND" or "MR.

6  BOND"), an individual, institute this action for actual damages, general damages, special

7  damages, punitive damages, injunctive relief, declaratory relief, attorney's fees, and the costs of

8  this action against Defendant ACCESS LIMOUSINES & COACHES, a California corporation;

9  MAURICE MAALOULY, an individual; and DOES 1-50, inclusive, and alleges as follows:

10                              JURISDICTION AND VENUE

11  2.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C.

12  § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiffs'

13  related state and common law claims pursuant to 28 U.S.C. §§ 1338, 1367, and the doctrine of

14  pendent jurisdiction.

15  3.      This Court has personal jurisdiction over Defendants because Defendants reside in this

16  state, do business in this state, have committed tortious acts in this state, and have otherwise

17  established contacts with this state making the exercise of personal jurisdiction proper.

18  4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because

19  Defendants reside in this District and/or a substantial part of the events or omissions giving rise

20  to the action occurred in this District.

21                                      PARTIES

22  Plaintiffs allege:

23  5.      Plaintiff ARYAN ENTERPRISES, INC. d/b/a ACCESS LIMOUSINE ("ACCESS" or

24  collectively along with co-Plaintiffs BOBBY BOND, referred to as "Plaintiffs"), is now, and at

25  all times mentioned in this complaint, a corporation, organized under the laws of California, with

26  its principal executive office located in Trabuco Canyon in the County of Orange, California.

27  6.      Plaintiff BOBBY BOND ("MR. BOND" or collectively along with co-Plaintiff ACCESS,

28  referred to as "Plaintiffs") is now, and at all times mentioned in this complaint, the President and

1  Chief Financial Officer of ACCESS and an individual domiciled in the County of Orange, in the

2  state of California.

3  7.    Defendant ACCESS LIMOUSINES & COACHES, INC. (hereinafter, "Defendant

4  COACHES" or along with co-Defendants MAURICE MAALOULY and DOES 1-50, referred to

5  as "Defendants"), is now, and at all times mentioned in this complaint, a corporation, organized

6  under the laws of California, with its principal executive office located in Fountain Valley in the

7  County of Orange, California.

8  8.    Defendant MAURICE MAALOULY (hereinafter, "MR. MAALOULY" or along with

9  co-Defendants COACHES and DOES 1-50, referred to as "Defendants"), is now, and at all times

10  mentioned in this complaint, the owner and President of Defendant COACHES and an individual

11  domiciled in the County of Orange, in the state of California.

12  9.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

13  DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs

14  will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs

15  are informed, believe and based thereon allege that each of the fictitiously named Defendants is

16  responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as

17  herein alleged were proximately caused by such Defendants.

18  10.    Plaintiffs are informed, believe and based thereon allege that at all times herein

19  mentioned, Defendants, and each of them, were the agents, employees and employers of each

20  other, and doing the things hereinafter alleged, were acting within the course and scope of said

21  agency and employment with the consent and knowledge of each other.

22  11.    Plaintiffs are informed, believes and based thereon alleges all known and unknown

23  Defendants and their employees and/or agents acted on behalf of, and for the benefit of, at the

24  direction of, and under the control of, each and every Defendants, known or unknown, and their

25  agents and/or employees, and each of them. Plaintiffs is informed and believes and on that basis

26  alleges that at all times herein mentioned, each of the known and unknown Defendants herein

27  was the agent, servant, and employee of each of the other Defendants herein, and was acting

28  within the scope of said agency and employment, representation, or alter ego relationship and

1 | each Defendants has ratified, approved, agreed, or assented to be bound by the obligations,

2 | representations and acts of its agents, representatives, brokers, or alter egos.

3 | **FACTUAL ALLEGATIONS**

4 | 12.    Plaintiffs ARYAN ENTERPRISES, INC., a California corporation, d/b/a ACCESS

5 | LIMOUSINE (hereinafter, "ACCESS") is a provider of limousine services in the Southern

6 | California area for clients throughout the United States, particularly in the County of Orange.

7 | 13.    Plaintiff ACCESS has been established as a business in the limousine services industry

8 | for approximately six (6) years.  Plaintiff ACCESS maintains an on-line website, has a national

9 | toll-free number, and has a local phone number in the County of Orange, California.  Plaintiff

10 | ACCESS has clients throughout the United States and, more particularly, clients in the Southern

11 | California area of Orange County.

12 | 14.    On December 15, 2009, ACCESS obtained a Trademark registration, Reg. No.

13 | 3,725,114, for the standard characters, "ACCESS LIMOUSINE" for the provision of limousine

14 | services.  (*See Exhibit "A."*)  Plaintiffs' first use of the standard characters, "ACCESS

15 | LIMOUSINE" was in November 1, 2004 and first use in commerce was also in November 1,

16 | 2004, as established by its recorded Fictitious Name Statement in the County of Los Angeles.

17 | (*See Exhibit "B."*)

18 | 15.    Plaintiff ACCESS also received its employment identification number (EIN) from the

19 | Internal Revenue Service on or about May 23, 2008, identifying Plaintiff ACCESS and its

20 | business accounts, tax returns, and documents to the federal government.  (*See Exhibit "C."*)

21 | 16.    Prior to receiving his Trademark registration certificate for ACCESS LIMOUSINES,

22 | Plaintiff MR. BOND has been actively using, advertising, and marketing his later Trademarked

23 | name, "ACCESS LIMOUSINE" on ACCESS'S website and advertisement materials as well as

24 | to clients, contractors, employees, and government authorities.  (*See Exhibits "C" and "D."*)

25 | 17.    Since receiving the Trademark registration certificate, Plaintiffs continue to actively use,

26 | advertise and market its Trademark "ACCESS LIMOUSINE" on-line via a website and on

27 | advertisement materials as well as to clients, contractors, employees, and government authorities.

28 |

## Sean Ferron

| | |
|---|---|
| **From:** | Neal Cohen [nmc@viplawgroup.com] |
| **Sent:** | Saturday, December 18, 2010 8:08 PM |
| **To:** | rdaughetee@hotmail.com |
| **Cc:** | Sean Ferron; Adrienne Cohen |
| **Subject:** | AEI et al. v ALCI et al. - Plaintiff's Reply to Counterclaim |

Ms. Daughetee:

This evening I received ECF service of D.E. 26 titled "PLAINTIFFS' VERIFIED RESPONSE TO DEFENDANTS COUNTER-CLAIM." Please note the pleading is not verified, as there is no handwritten signature from the purported party verifying the pleading.

Also please note the pleading appears to be in violation of Rule 11 in several respects. While Defendants will prepare and serve a Rule 11 motion if necessary, I am emailing you now as a courtesy to allow you an opportunity to re-file the pleading and remove any statements that are Rule 11 violations. For example, the pleading denies paragraphs 139 and 140 of the Counterclaim, yet those same allegations are pleaded as facts in paragraphs 5 and 6 of the Complaint. Additionally, most if not all of the affirmative defenses pleaded are per se legally irrelevant to the counterclaim. There is also at least one affirmative defense (Statute of Limitations) that cannot possibly apply based on the facts pleaded in the Complaint, and there are many affirmative defenses for which there cannot possibly be any facts to support them.

Therefore, please provide a proposed amended pleading (more properly titled as a Reply to Counterclaim) for me to review and approve, in which case I will enter a Stipulation in which Defendants do not object to you filing same. Defendants will object to any amended responsive pleading filed without a Stipulation, as such would violate the FRCivP and Local Rules. Please provide the proposed Stipulation to me no later than end of business Wednesday December 22, 2010.

If you have any questions, please call me to discuss, or email me. My intent is for these issues to be resolved without resorting to a Rule 11 motion. However, if Defendants are required to resolve this through a Rule 11 motion, we will seek sanctions accordingly.

Sincerely,

Neal M. Cohen
Vista IP Law Group LLP
2040 Main Street, Suite 710
Irvine, California 92614
TEL: (949) 724-1849
FAX: (949) 625-8955
EMAIL: nmc@viplawgroup.com
http://www.viplawgroup.com

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.